FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

97 OCT -8 AM 7: 45

U.S. DISTRICT COURT
N.D. OF ALABAMA

ALEXIS M. HERMAN, Secretary of )
Labor, U.S. Department of Labor, )
    Plaintiff(s); )
                                       )                No. CV-97-P-0515-S
-vs.- )
                                       )
BRIC, INC., )
    Defendant(s). )

ENTERED

### Opinion

Plaintiff's motion for summary judgment was considered at the court's August motion docket. For the reasons below, Plaintiff's motion for summary judgment is due to be granted.

### Statement of Facts[1]

Plaintiff's claim against Defendant BRIC arises from Citations and Notifications of Penalty issued by Plaintiff to Defendant pursuant to the Occupational Safety and Health Act of 1970, 29 U.S.C. section 651 ("OSHA"). OSHA violations occurred at BRIC's Birmingham, Alabama, location, resulting in Plaintiff's imposition of civil penalties totaling $3,300. As a result of BRIC's failure to pay these penalties, Plaintiff later imposed interest of $594, delinquent fees of $379.50, and administrative costs of $16.

On November 13, 1992, the parties entered into a stipulation in which BRIC admitted its liability for the OSHA penalties. The stipulation set forth a payment schedule for the penalties and provided that, in the event that BRIC defaulted on payment, Plaintiff would be entitled to file

---

1. This recitation of "facts" is based on the materials submitted, viewed in the light most favorable to the Defendant.

suit to collect the OSHA penalty amounts as well as accumulated interest, delinquency fees, and administrative costs. BRIC has paid only $732. As a result of BRIC's default, Plaintiff filed this lawsuit, seeking judgment in the amount of $5419.75, plus interest on the penalties of $3,300 at the rate of 9% per annum, delinquent fees at the rate of 6% per annum, and administrative costs of $16.

Although BRIC was served with Plaintiff's complaint on May 28, 1997, and BRIC's counsel apparently received a copy of Plaintiff's motion for summary judgment, BRIC has failed to appear or to respond to Plaintiff's allegations.

## Analysis

In the Stipulation and Joint Motion of Withdrawal of Complaint entered into between Plaintiff and Rick Bentley, president of BRIC, on November 13, 1992, and provided to this court, BRIC agreed that, in the event of its default, Plaintiff would be entitled to the principal penalties, interest, delinquent fees and administrative costs requested in Plaintiff's complaint and motion for summary judgment.

Under Fed. R. Civ. P. 8(d), "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." Further, under Fed. R. Civ. P. 56(e), summary judgment shall be entered against an adverse party, if appropriate, when the adverse party fails to respond or to "set forth specific facts showing that there is a genuine issue for trial." Because BRIC has provided no evidence setting forth any dispute of material fact relating to the imposition of the OSHA

2

penalties or the appropriateness of the related interest and delinquency charges, this court concludes that Plaintiff's summary judgment motion is due to be granted.

Dated: Oct. 7, 1997

                                        Chief Judge Sam C. Pointer, Jr.

Service List:
    Ms. Kathleen Henderson
    Mr. Rick Bentley
    Mr. Anthony Joseph